UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| KEVIN D. HAMLET, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:20-cv-00068-JPH-MJD |
|  | ) |  |
| B. SMITH, *et al.* | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER DENYING MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, NOTIFYING PLAINTIFF OF THREE "STRIKES," DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Kevin Hamlet alleges that the dining hall at Putnamville Correctional Facility is infested with birds, rodents, other pests, and mold. The action is before the Court for resolution of Mr. Hamlet's motions for leave to proceed without prepaying the filing fee and his motion for a temporary restraining order and preliminary injunction.

**I. Motions for Leave to Proceed *In Forma Pauperis***

As a prisoner, Mr. Hamlet's motions for leave to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(g). "In no event shall a prisoner bring a civil action" *in forma pauperis* if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* An exception applies if the plaintiff "is under imminent danger of serious physical injury." *Id.*

Mr. Hamlet has accumulated at least three "strikes" for purposes of § 1915(g) and is therefore ineligible to proceed *in forma pauperis*. Pursuant to *Evans v. Illinois Department of*

1

*Corrections,* 150 F.3d 810 (7th Cir. 1998), the Court notifies Mr. Hamlet that it has relied on the following cases in finding that he has struck out:

- *Hamlet v. Dep't of Corr.*, No. 1:09-cv-384-WTL-DML, dkt. 13 (S.D. Ind. Sept. 15, 2009) ("Because Hamlet is still in custody and because success in this civil suit would necessarily imply the invalidity of his sentence, this case is barred by *Heck.* Accordingly, the complaint fails to survive the screening required by § 1915A . . . .").

- *Hamlet v. City of Indianapolis*, No. 2:19-cv-00354-JPH-MJD (S.D. Ind. Sept. 18, 2019) (dismissing action as frivolous pursuant to § 1915A).

- *Hamlet v. Carter*, No. 2:19-cv-00362-JPH-DLP (S.D. Ind. Sept. 9, 2019) (dismissing action as frivolous and malicious pursuant to § 1915A).

Having accumulated three strikes, Mr. Hamlet may not proceed without prepaying the filing fee—unless he is under imminent danger of serious physical injury. Mr. Hamlet has not attempted to show an imminent danger of serious physical injury in either of his motions for leave to proceed *in forma pauperis*. And, for the reasons discussed in Part II below, such a showing appears implausible based on his filings to date. Mr. Hamlet's motions for leave to proceed *in forma pauperis*, dkts. [3] and [5], are **denied**.

## II. Motion for Temporary Restraining Order and Preliminary Injunction

Mr. Hamlet seeks an order enjoining the defendants from maintaining an unsafe dining facility; requiring them to hire contractors to remediate the mold and infestations; and ordering them not to threaten, intimidate, or harass him for seeking relief. In support of his motion, Mr. Hamlet states that he has been experiencing a cough, chest congestion, chest pain, and difficulty sleeping. Dkt. 7 at ¶ 10. However, Mr. Hamlet notes that he has been treated by a doctor and diagnosed with a cold or the flu. *Id.* Additionally, Mr. Hamlet states that he is due to be released on March 18, 2020. Dkt. 5.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a

plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted); *see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks omitted).

Because Mr. Hamlet is a prisoner, the Prison Litigation Reform Act (PLRA) "circumscribes the scope of the court's authority to enter an injunction" in this case. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westefer*, 682 F.3d at 683 (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

At this early stage in the litigation, Mr. Hamlet has not established that he is likely to prevail on the merits of his claims or that he will suffer irreparable harm without the injunctive relief he requests. This is not to say that Mr. Hamlet's claims of rampant infestation do not support a plausible claim for relief. *See, e.g.*, *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) ("Pest infestations may also form the basis of a Fourteenth or Eighth Amendment conditions of confinement claim."). However, the success or failure of such a claim is fact-sensitive. *See, e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (discussing significance of facts such as degree and duration of infestation and prison's abatement efforts).

Mr. Hamlet alleges that he has been exposed to the conditions described in his complaint for over three years. The symptoms he describes—cough, congestion, chest pains, disturbed sleep—are by no means insignificant. But they also are not so serious as to show that Mr. Hamlet is likely to prevail on the merits of his claims or to suffer irreparable harm without intervention—especially given his prolonged exposure to the conditions and the fact that he will be free from them in less than a month. Although Mr. Hamlet's allegations are serious, they do not justify injunctive relief without affording the defendants an opportunity to answer them.

Additionally, the Court need not issue a temporary restraining order prohibiting retaliation against Mr. Hamlet. It is already well-settled that the law protects inmates' rights to litigate claims regarding their confinement and prohibits correctional officials from retaliating against inmates who exercise that right. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) (discussing inmates' constitutionally protected right to litigate concerns about their conditions of imprisonment); *DeTomaso v. McGinnis*, 970 F.2d 211, 214 (7th Cir. 1992) ("Because the Constitution protects an inmate's access to the courts, prison officials may not retaliate against those who seek or obtain such access . . . ."). No order from the Court is necessary to prohibit the actions Mr. Hamlet wishes to enjoin.

Accordingly, Mr. Hamlet's motion for preliminary injunctive relief, dkt. [7], is **denied**.

### III. Conclusion and Further Proceedings

For the reasons explained in this Order, Mr. Hamlet's motions for leave to proceed *in forma pauperis*, dkts. [3] and [5], are **DENIED**. Mr. Hamlet shall have **through March 30, 2020**, to pay the $400 filing fee. Failure to do so may result in the dismissal of this action. Mr. Hamlet's motion for preliminary injunctive relief, dkt. [7], is also **DENIED**.

**SO ORDERED.**

Date: 3/4/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN D. HAMLET
892772
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only